**James BARKER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 9, 1964.

James Barker, pro se.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Thomas H. Cubbage, Commonwealth's Atty., Leitchfield, for appellee.

WILLIAMS, Judge.

In 1949 James Barker was found guilty of rape and sentenced to life imprisonment without benefit of parole by the Breckinridge Circuit Court. Upon filing his motion to vacate the judgment (pursuant to RCr 11.42), and in accordance with his motion that he be permitted to proceed in forma pauperis, an attorney was appointed to assist him. A hearing was held and the motion was ordered overruled, from which order this appeal is taken.

Before the court were the questions of whether (1) his original sentence was in violation of his constitutional or statutory rights; (2) the trial court was proceeding within its jurisdiction; (3) the sentence was in excess of that authorized by law; and (4) the judgment of the trial court was void. The trial court found the appellant failed to state any facts to substantiate his allegations on any of the above points. He also found that the witnesses appellant wished to present either testified at the first trial or would be of no benefit to him on a new trial. And his claim of inadequacy of counsel at the first trial was specifically held to be without merit, which left nothing material upon which appellant could base his motion to vacate the original judgment.

During the course of the hearing under RCr 11.42 appellant was placed on the witness stand and permitted to make any statement he wished. He was questioned by his attorney concerning the grounds upon which he based his motion and was prompted by his attorney to state to the court any reason why his original judgment should be vacated. It appears from the answers given by appellant and the statements made by him that his primary interest is to have the sentence amended to exclude the provision that he is not eligible for parole.

The trial court found that appellant had stated no grounds for vacating the judgment either to the court or to his attorney. The court examined the Order Book containing the orders entered at appellant's trial and found no error in the record.

The judgment is affirmed.